UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-06-156-B-W |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AND ORDER ON DEFENDANTS'
MOTION TO STRIKE AND PLAINTIFF'S MOTION TO AMEND**

On September 28, 2007, the Defendants filed a Motion for Summary Judgment. (Docket # 23). Dale Wood, the Plaintiff, failed to respond, and on October 25, 2007, the United States Magistrate Judge filed her Recommended Decision regarding the Defendant's unopposed Motion for Summary Judgment. (Docket # 24). Mr. Wood filed an objection to the Recommended Decision on November 6, 2007. (Docket # 25). The Defendants then filed a Motion to Strike Mr. Wood's Objection to the Recommended Decision on November 16, 2007. (Docket # 26). On December 4, 2007, Mr. Wood filed a Motion to Amend Defendants' Titles, (Docket # 29), and a Motion to Extend Time to Respond to the Summary Judgment Motion. (Docket # 30). The Magistrate Judge mooted the Motion to Amend and granted in part the Motion to Extend Time, allowing Mr. Wood an additional thirty days to file a response to the Motion to Strike Plaintiff's Objection to the Recommended Decision. (Docket # 31). On January 4, 2008, Mr. Wood did file a Response in Opposition to the Defendants' Motion to Strike (Docket # 32); on the same day, he filed a Motion to Amend his Complaint. (Docket # 33). The Defendants in turn filed a Response to Motion to Amend on January 8, 2008. (Docket # 34).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and in this opinion, and determines that no further proceeding is necessary.

**I.   DISCUSSION**

Mr. Wood, in his Objection to the Recommended Decision, attempts to introduce new facts long after the window for receiving such information has closed. *See Mot. for Objection to Summ. J. Standard* (Docket # 25) (*Pl.'s Mot.*). While the Court has the discretion to open the record, it normally will not do so. *See Borden v. Sec'y of Health & Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots.").

Nevertheless, the information Mr. Wood is attempting to introduce would not alter the decision. Mr. Wood does not deny that the following materials were found in the Asatru group locker: a handwritten symbol of the Aryan Nation, handmade banners depicting Aryan symbols, pictures of Adolf Hitler, an envelope full of materials with a swastika drawn on the back flap, and writings of David Lane. Mr. Lane, a member of several white supremacist groups, organized and embarked on a crime spree that led to his conviction for conspiracy and racketeering and for violating the civil rights of Alan Berg, a Jewish talk-show host, whose murder Mr. Lane conspired to commit. Regarding this material, Mr. Wood argues:

> Assuming that "violent and racis[t]" literature or materials were found [in] the [group] locker, Petitioner Wood is bound to conclude that one of the members placed it there without the others knowledge; without his knowledge. The disbandment of the Asatru group and confiscation of all "Asatru related" materials is an exaggerated response to an otherwise legitimate concern.

*Pl.'s Mot. Att.* 2 at 4 (Docket # 25).

Mr. Wood included an overview of the Asatru religion, *id. att.* 3 at 1-12, and a copy of *Cutter v. Wilkinson*, 544 U.S. 709 (2005). From these additional materials, Mr. Wood argues that Asatru is "not a religion of violence, hatred, or racism," *Pl.'s Mot.* at 2, and that the "Asatru religion does not associate with David Lane or his teachings." *Id.* at 1. However, the materials found in the Asatru group locker promoted white supremacy and encouraged contempt and denigration of other races, and there is no dispute that David Lane's inflammatory writings were found in the locker. Whether the Asatru group in this case was a religious group which possessed racist and violent materials or a white supremacist group acting under the cover of a religious title is inconsequential. The Magistrate Judge outlined case law establishing that a ban on religious texts or practices that promote racism and violence serves the compelling state interest of maintaining prison security. While Mr. Wood has generally asserted that the Asatru religion does not encourage racist or violent behavior, he has not disputed that specific materials in the Asatru group locker do promote racism and violence. For this reason, the Court finds that the Mr. Wood has not placed into dispute the Defendants' material facts and concludes that the Defendants are entitled to judgment as a matter of law.

## II. CONCLUSION

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED.

2. It is further ORDERED that the Defendants' Motion for Summary Judgment (Docket # 23) is GRANTED.[1]

---

[1] The Court's decision moots the Defendants' Motion to Strike Objection to Report and Recommended Decision (Docket # 26), and the Plaintiff's Pro Se Motion to Amend Complaint (Docket # 33). Regarding the latter motion, Mr. Wood asks to change the caption of the case from the Maine Department of Corrections to a list of persons he would like to implead in their individual capacities, to alter the complaint to correct certain misspellings, to add the term *pro se*, after his name, and to change his prayer for relief. As none of the proposed changes affects the merits of his cause of action, it would be futile to amend a complaint which is simultaneously being dismissed.

SO ORDERED.

/s/ John A. Woodcock
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2008